Scott, J. The defendant’s motion by attorney for a rule upon the plaintiff for security for costs under the provisions of the statute, (Digest, 280, sec. 3,) which was adjudged against him, clearly precludes the plea to the jurisdiction of the court which he afterwards filed. The matter presented to the court by motion, although authorized to be presented in that manner, and allowed to be presented at any time during the pendency of the suit, was nevertheless in its nature matter in abatement. Had the insolvency alleged in the motion been properly presented and satisfactorily shown to the court, the plaintiff would have been ruled to give security for costs, and on his failure to do so, his suit, on motion, would have been dismissed. Neither the manner of interposing this dilatory defence, or the time allowed for its interposition changes its nature, as has been in effect repeatedly held by this court of prerequisite bonds for costs. Clark vs. Gibson, 2 Ark. 113. Webb vs. Jones & Prescott, ib. 332. Didier et al. vs. Galloway, 3 Ark. 503. Hardwick et al. vs. Campbell & Co., 2 Eng. 120. The law has prescribed and settled the order of pleading, that the defendant is to pursue when brought into court by the plaintiff. That order is, 1st, To the jurisdiction of the court. 2d. To the disability of the plaintiff. 3d. In abatement. He cannot plead successively two pleas of the same kind or grade. And if he pleads a plea belonging to a subsequent order or division, he thereby loses the privilege of all pleas comprehended in any prior order or division; in other words, such subsequent plea is an admission that none of the previous objections exist. Gould’s Shading, chap. 5, see. 10. Story’s Pleading,^. 1 Chilly’s Pleading, 440. Whenever a defendant would except to the jurisdiction of the court in a case like this, where the exception must be taken by plea, if taken at all, he must do so before he offers any other plea, “ for in such a case, if he refers to the court any other question than that of its own jurisdiction, it is a tacit admission that the court has a right to judge in the cause: or in other words, it has jurisdiction. And thus, all exceptions to the jurisdiction are waived.” Gould’s PI. chap. 5, sec. 13. In the case before us, the defendant by his motion referred to the court the question of the insolvency of the plaintiff, which went, not to his disability to sue in the first instance, but to his disability further to maintain his suit, and thus presented matter comprehended in the second series in the fixed order of pleading, and thereby precluded himself from afterwards interposing, by plea, any matter comprehended in the first of the series and admitted the jurisdiction. And not only did he waive all exceptions that he could have taken to the jurisdiction by plea, and thus admit the jurisdiction by the matter to the disability of the plaintiff which he had thus presented to the court for adjudication, but he did so by the manner in which he presented that matter; for having presented it by attorney, through the instrumentality of a written motion, signed by him as such, the rule of pleading applied, that in such case, “ the attorney is supposed to have signed it by leave of the court, and asking of leave, is considered a tacit admission of the jurisdiction.” Gould's Pleading, chap. 5, sec. 27. True it is, that such implied admission, proceeding as it does upon the ground that the attorney is an officer of court, obviously cannot aid the jurisdiction except in cases in which the objection to the jurisdiction must be taken, if taken at all, by plea, and can be taken in no other way. But this is a case of that very character. And, besides all this, the defendant’s motion presupposes jurisdiction in its very object — the security of costs to be adjudged — which can only be adjudged by a court having jurisdiction of. the subject matter. Then the defendant’s supposed plea to the jurisdiction of the court, was no plea at all — a mere nullity — and interposed no obstacle whatever to the plaintiff’s motion for judgment, which was erroneously overruled. And the subsequent judgment in favor of the defendant being also erroneous, it must be reversed and the cause remanded, with leave to the defendant to plead to the merits at least, and also, first plead any other mat ter from which he may not have been by his acts or omissions by law precluded, if there be any such matter.